IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Charlene Rowe | ) |
| | ) CIVIL ACTION FILE |
| Plaintiff, | ) NO. |
| | ) |
| v. | ) |
| | ) |
| | ) |
| Young Men's Christian Association | ) |
| of Metropolitan Atlanta, Inc. | ) Jury Trial Demanded |
| | ) |
| Defendant. | ) |

# COMPLAINT

COMES NOW Charlene Rowe, Plaintiff in the above-styled action, and hereby submits this Complaint against Defendant Young Men's Christian Association of Metropolitan Atlanta, Inc. (hereinafter "YMCA" or Defendant).

## JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 1331 (federal question) based on Plaintiff asserting causes of action against Defendant under The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et. seq.* ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Civil Rights Act of 1866, 42 U.S.C. § 1981

1

("Section 1981"). Plaintiff is seeking declaratory relief, injunctive relief, damages, attorneys' fees and expenses of litigation to redress the deprivation of her rights by Defendant because of its discriminatory treatment of her.

2.

Declaratory relief is sought pursuant to 28 U.S.C. § 2201.

3.

Injunctive relief is sought pursuant to Rule 65, Fed. R. Civ. Pro.

4.

Defendant has conducted business within the area encompassed by the Atlanta Division of the Northern District of Georgia, as defined under 28 U.S.C. § 1391(c), for all times relevant to the instant lawsuit, and the unlawful employment practices complained of by Plaintiff are alleged to have been committed in the State of Georgia. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. 2000e-5(f)(3).

## PARTIES

5.

Plaintiff is a citizen of the United States who, at all times relevant to this Complaint, resided in the State of Georgia and worked for Defendant in Georgia.

6.

At all times relevant to this Complaint, Plaintiff was an "employee" of

Defendant within the meaning of Title VII and the ADEA.

7.

Plaintiff, who is white, falls within Title VII's protections from discrimination based on her race and Section 1981's protections against discrimination based on her race, ancestry and/or ethnic characteristics.

8.

When the allegations herein arose Plaintiff was seventy-three (73) years old and, therefore, falls within the ADEA's protection against age discrimination.

9.

Defendant is a Georgia corporation that is registered with the office of the Georgia Secretary of State and may be served by any method permitted by the Federal Rules of Civil Procedure, including service on its registered agent, Mitch Mouchabeck, 569 Martin Luther King Jr. Drive NW, Atlanta, GA, 30314-4164.

10.

At all times relevant to this Complaint, Defendant was an "employer," as that term is defined by Title VII and the ADEA.

## ADMINISTRATIVE PROCEDURE

11.

Plaintiff filed a timely Charge of Discrimination against Defendant with the U.S. Equal Employment Opportunity Commission alleging age and race

discrimination. Such Charge of Discrimination was filed within 180 days of the occurrence of the last act on which this Complaint is based. *See* Ex. A.

12.

The U.S. Equal Employment Opportunity Commission issued Plaintiff a Notice of Right to Sue on June 7, 2024. This civil action is instituted in the appropriate federal district court within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue relating to her Charge of Discrimination against Defendant. *See* Ex. B.

## CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF

13.

This is a proceeding for a declaratory judgment as to the Plaintiff's rights and for a permanent injunction enjoining the Defendant from maintaining any policy or practice of:

A. Discriminating against Plaintiff because of her age and/or race with respect to compensation, terms, conditions, and privileges of employment.

B. Limiting, segregating, and classifying Plaintiff in ways that deprive her of employment opportunities and otherwise adversely affect her status as an employee because of her age and race.

## STATEMENT OF FACTS

14.

Plaintiff was employed by Defendant from on or about August 25, 2004, until March 16, 2023, as a part-time Site Director for the YMCA's after-school program.

15.

At the time of her termination, Plaintiff was working for the YMCA at Esther Jackson Elementary School.

16.

Until approximately January 2023, the YMCA's after-school program at Esther Jackson Elementary School had only one (1) Site Director.

17.

When Plaintiff returned from medical leave in January 2023 she learned that YMCA had hired Amanda Thompson (black, under 40 years old) as a second part-time Site Director for its after-school program at Esther Jackson Elementary School.

18.

At all times relevant to the instant lawsuit, Toshiba Butler (black, under 40 years old) was the supervisor over Plaintiff and Amanda Thompson.

19.

On February 2, 2023, Toshiba Butler sent an email to over 40 YMCA employees explaining that they should notify her ahead of time when someone

needed time off, so that she could arrange for help in an employee's absence.

20.

On February 13, 2023, Ms. Rowe and Ms. Thompson were scheduled to work together at Esther Jackson for their entire shift.

21.

On multiple occasions prior to February 13, 2023, Ms. Thompson left work early without notifying Ms. Butler.

22.

On February 13, 2023, Ms. Thompson left work early.

23.

There were multiple occasions prior to February 13, 2023, that Ms. Thompson left work early and did not notify anyone at YMCA.

24.

Ms. Rowe did not have any advance notice that Ms. Thompson was leaving work early on February 13, 2023.

25.

Ms. Thompson leaving work early on February 13, 2023, resulted in Ms. Rowe having to monitor over 20 children by herself.

26.

Unbeknownst to Ms. Rowe, while she was supervising the children by herself

on February 13, 2023, one child went to the restroom unaccompanied.

27.

On February 14, 2023, the YMCA informed Ms. Rowe about the child going to the restroom unaccompanied the day before.

28.

While she was supervising the children by herself on February 13, 2023, approximately four students started an altercation in the gym.

29.

Ms. Rowe obtained assistance from another adult to help with the children who had started the February 13, 2023, altercation in the gym.

30.

The YMCA deemed the events occurring at Esther Jackson on February 13, 2023, to be an "incident."

31.

The day after the February 13, 2023 "incident," the YMCA suspended Ms. Rowe pending an investigation.

32.

On March 16, 2023, YMCA terminated Ms. Rowe's employment because of the events that occurred at Esther Jackson on February 13, 2023.

33.

Ms. Thompson admitted that she did not notify anyone at YMCA about leaving work early on February 13, 2023.

34.

Ms. Thompson was not suspended as a result of the February 13, 2023 "incident."

35.

Ms. Thompson only received a written warning for leaving work on the February 13, 2023 without notifying anyone.

36.

Ms. Thompson was not investigated or disciplined for the occasions prior to February 13, 2023, when she left work early and failed to notify anyone at YMCA.

37.

Ms. Rowe had no history of discipline during her approximately 19 years of employment with YMCA.

## COUNT I
## AGE DISCRIMINATION IN VIOLATION OF THE ADEA

38.

Plaintiff re-alleges each and every allegation in paragraphs 1 through 37 as though set forth in full herein

8

39.

In January 2023, Plaintiff asked about Ms. Thompson's role at Esther Jackson Elementary and Toshiba Butler stated that YMCA wanted to have a younger person on site.

40.

Ms. Thompson violated YMCA's Youth and Teen Safety Policy when she left work early on February 13, 2023 and did not tell anyone.

41.

Defendant did not terminate Ms. Thompson, a substantially younger individual than Plaintiff, for a violation of the same policy under which it terminated Plaintiff.

42.

Defendant has engaged or intentionally engaged in unlawful employment practices and policies in violation of the ADEA by terminating Plaintiff's employment because of her age.

43.

As a result of Defendant's conduct, Plaintiff has suffered lost wages.

44.

Defendant's actions were intentional and were committed with reckless disregard of Plaintiff's federally protected rights.

## COUNT II
## TITLE VII - RACE DISCRIMINATION

45.

Plaintiff re-alleges each and every allegation in paragraphs 1 through 44 as though set forth in full herein.

46.

Plaintiff (Caucasian) was allegedly terminated for violating the Youth and Teen Safety Policy on February 13, 2023.

47.

Amanda Thompson (Black) violated the Youth and Teen Safety Policy on February 13, 2023, but was only given a warning.

48.

The effect of the policies and practices complained of herein has been to deprive the Plaintiff of equal employment opportunity and to deprive her of income in the form of wages, prospective retirement benefits, and other benefits of employment due her as an employee on the basis of her race (black) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

49.

All of the acts of the Defendant complained of herein were intentional and were committed with reckless disregard of Plaintiff's federally protected rights.

50.

Plaintiff is now suffering and will continue to suffer irreparable injury, including lost wages and emotional harm, from Defendant's policies, customs, and the specific acts of discrimination as set forth herein.

## COUNT III
## DISCRIMINATION IN VIOLATION OF SECTION 1981

51.

Plaintiff re-alleges each and every allegation in paragraphs 1 through 50 as though set forth in full herein.

52.

Plaintiff is a member of the class of persons protected by Section 1981 who suffered an adverse employment action based on her race (i.e., Caucasian).

53.

Plaintiff was terminated for an alleged infraction that Amanda Thompson, a similarly situated black employee, also committed but was not fired.

54.

Defendant discriminated against Plaintiff with respect to the terms and conditions of her employment based on her race in violation of Section 1981.

55.

Plaintiff is now suffering and will continue to suffer irreparable injury from

Defendant's acts of discrimination, including lost wages and emotional harm.

56.

All of the acts of the Defendant complained of herein were intentional and were committed with reckless disregard of Plaintiff's federally protected rights.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court:

1. Issue a declaratory judgment that the Defendant's acts, policies, practices, and procedures complained of herein violate the Plaintiff's rights as secured under Title VII, Section 1981 and the ADEA;

2. Grant Plaintiff a permanent injunction enjoining the Defendant, its officers, agents, employees, attorneys, and other representatives, and those acting in concert with them and at their discretion, from engaging in any employment policy or practice which discriminates against employees because of their race or age.

3. Grant Plaintiff a judgment against the Defendant for back pay, front pay and other benefits and opportunities of employment of which she has been deprived by reason of Defendant's violations of the ADEA, Title VII, and Section 1981;

4. Award Plaintiff compensatory and punitive damages for Defendant's violations of Title VII and Section 1981;

5. Award liquidated damages for Defendant's willful violation of the ADEA.

6. Award Plaintiff attorneys' fees, costs, and disbursements;

7. Grant Plaintiff a trial by jury; and

8. Award such additional and further relief as the Court deems just and proper.

Respectfully submitted this 4th day of September 2024.

**s/Robert C. D. McDonald**
Georgia Bar No. 489600
Attorney for Plaintiff

The Law Offices of Robert C. D. McDonald, P.C.
5410 Matt Highway
PMB 3
Cumming, Georgia 30028
Phone: (404) 314-6738
lawyerbobmcd@yahoo.com